ALONSO RIERA & CO., INC., PETITIONER, *v.* CAMPILLO, DISTRICT JUDGE, ET AL., RESPONDENTS.

PETITION for a Writ of Prohibition against the Judge of the First District Court of San Juan.

No. 24.—Decided March 31, 1922.

WRIT OF PROHIBITION—INJUNCTION—PLEADING—PARTIES.—As the petition for a writ of prohibition to restrain the court below from further proceeding on a petition for an injunction which the petitioner alleges would operate to its prejudice does not show that this petitioner was a party to the injunction proceeding or even that the attention of the court was called to the alleged irregularities complained of, the petition must be denied.

The facts are stated in the opinion.
*Messrs. Texidor & De la Haba* for the petitioner.
The respondents did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In September, 1921, Javier Alonso Riera instituted proceedings for an injunction against Herminio Madera, Jaime

Pizá, Benito Alonso, M. Riera Palmer and Leopoldo Santiago Carmona, alleging in substance that on May 16, 1914, Javier Alonso Riera formed a mercantile partnership with defendant Herminio Madera, Manuel Alvarez and Enrique Alonso Riera under the firm name Alonso Riera & Co. for the purpose of dealing in leaf tobacco and other business along this line; that on April 17, 1915, Javier Alonso and Enrique Alonso sold their interests to the other members, Manuel Alvarez and Herminio Madera, stipulating for a continuation of the firm and for the continued use by the said Alvarez and Madera of the firm name Alonso Riera & Co. throughout the term fixed in the instrument of March 16, 1914, and during such extension thereof as might be made; that on May 17 and December 1, 1917, respectively, the said term was extended to December 1, 1923; that the authority so conferred was without any force or legal effect whatsoever because contrary to the express provision of section 126 of the Code of Commerce; that thereafter Manuel Alvarez sold his interest to Herminio Madera which, *ipso facto,* operated a dissolution of the said firm of Alonso Riera & Co., the said Herminio Madera remaining as the sole and exclusive owner of the business and charged with all the assets and liabilities thereof; that notwithstanding such dissolution, Madera continued to use and intended to continue in the use of the firm name of Alonso Riera & Co. in violation of the agreement entered into with Javier Alonso and his brother Enrique (assuming the legal force and validity of such agreement, which was denied) and contrary to the provisions of the mercantile law in force prohibiting the use of a collective firm name indicating a duly constituted partnership when the same does not exist in fact and in law; that the use of such name was the cause of confusion among the customers of Javier Alonso, some of whom were by mistake addressing their correspondence to the Madera concern; that letters addressed to the petitioner, through mis-

take of the postal authorities, had been received, retained
and answered by the said Madera with a view to establish-
ing commercial relations with customers of the said Javier
Alonso; that the said Madera had been using and was using
maliciously envelopes and circulars bearing only the surname
Alonso Riera for the sole purpose of adding to the confusion
between the Madera concern and that of Javier Alonso in
order maliciously to appropriate a part of the business of
Javier Alonso; that the said Madera had recently formed
another partnership under the firm name of Madera Herma-
nos for the purpose of carrying on the same business of
dealing in leaf tobacco; that the said Madera was the prin-
cipal managing partner of the said firm, and that the said
partnership had been formed for the sole purpose of com-
peting with and injuring the alleged firm of Alonso Riera &
Co. and of prejudicing the good name of Alonso Riera, ille-
gally included in the firm name of Alonso Riera & Co.; that
Javier Alonso was one of the largest competitors of the said
Madera in the business of buying and selling leaf tobacco
and had been for a long time and was then engaged in the
said business under his own name of Javier Alonso Riera
by which he is generally known by all his customers and the
public in general, which said name was enjoying great credit
in this Island and abroad, dating from a period long before
the establishment of the firm of Alonso Riera & Co.; that
the purpose of the said Madera in continuing his business
under the so-called firm name of Alonso Riera & Co. is none
other than to control the management of the alleged partner-
ship of Alonso Riera & Co. in order to discredit the said
name, causing in this way great damage to the good name,
reputation and interests of one of his principal competitors,
the said Javier Alonso; that in order to put an end to this
state of confusion and of unfair competition the said Javier
Alonso, in July, 1921, had filed in the district court a peti-
tion for a permanent injunction against the said Madera,

restraining the unlawful use by the said Madera of the sur-
name Alonso Rivera in the alleged mercantil entity Alonso
Riera & Co. or in any other manner, which proceeding was
still pending; that in the meantime the said Madera, with
a view to evading such order as in due time might be en-
tered pursuant to the prayer of the said petition, maliciously
procured the said Mariano Riera Palmer and Benito Alonso,
together with the other respondents, to enter into and figure
as incorporators of a corporation under the laws of Porto
Rico, under the name of Alonso Riera Co., Inc., which plan
had been recently carried out, the Executive Secretary of
Porto Rico having issued at the instance of the said in-
corporators a certificate of incorporation; that the primary
object of the said corporation is identical with that of the
extinct partnership of Alonso Riera & Co., that is to say,
the purchase and sale of leaf tobacco and other business in
this line; that the said Mariano Riera Palmer and Benito
Alonso were not engaged nor had they ever been engaged
in such business, the first being a practicing lawyer in the
city of Mayagüez and the exact nature of the occupation
carried on by the second being unknown to petitioner; that
the said Riera Palmer and Benito Alonso have been made
to figure as incorporators by the said Herminio Madera solely
and exclusively for the purpose of using their names in the
name of the said corporation, thus violating the rights of
petitioner and to the great prejudice of his interest; that
the said Madera, following his preconceived plan, has caused
to be published a statement in the press and has sent out
circulars to his customers announcing the said incorporation;
that the newspaper notices published the names of the in-
corporators, to wit, Jaime Pizá, Benito Alonso, M. Riera
Palmer and Leopoldo Santiago Carmona, without mentioning
or connecting therewith in any wise the said Herminio Ma-
dera; that all of this tends to increase the actual confusion
by apparently adding a new entity in which the surname

Alonso Riera was to figure in addition to those already existing, and all of which was in open violation of the rights of the said Javier Alonso and was greatly prejudicial to his interests, which would suffer great and irreparable injury.

The prayer was for a permanent injunction commanding respondents, their agents and employés to abstain altogether from using the surname Alonso Riera as part of the name of the corporation Alonso Riera & Co., Inc., or upon their letters, envelopes and circulars or in any other manner directly or indirectly that might tend to confound the business carried on by Javier Alonso under his own name with that of the new corporation, and, pending final decision, for a preliminary order to the same effect.

This petition was accompanied by the sworn statement of one Manuel Alonso, who stated that Herminio Madera had approached affiant on the street and stated that he needed some one surnamed Alonso for a corporation that he intended to form and inquiring whether affiant would like to figure as an incorporator, to which affiant answered that he did not desire to enter into any corporation in which he would have only a nominal and not a real and actual interest.

Another affidavit showed the publication on September 6, by order of "Messrs. Alonso Riera & Co.," of a notice that the Executive Secretary had issued a certificate of incorporation of the corporation Alonso Riera & Co. which would engage in the sale of leaf tobacco in the manufacture of tobacco and cigarettes.

Another affidavit shows a similar publication of September 10.

Mariano Riera Palmer having been cited as a witness for petitioner and alleging inability to appear at the hearing, made an affidavit which includes the following statement:

"That some time ago Alfonso Valdés came to my notarial office and, in the name of Herminio Madera, with whom I am unacquainted,

offered me some shares valued at $100 for the purpose of organizing a tobacco corporation. When I informed him that I could not take the said shares as I was out of funds at the moment, Valdés informed me that the conditions for payment thereof could be made as easy as I might desire, and that if it were true that the tobacco industry was in the throes of a crisis, said shares would later acquire great value as a result of better business conditions. That inasmuch as Valdés, who told me that he represented Madera, is a good friend of mine, I consented to accept five shares upon condition that I should pay for them at the time and in the manner I might find convenient, to which Valdés agreed, and thereupon inquired whether I would agree to the use of my name in the title of the corporation and to be an incorporator to which I made no objection. Some time later, Valdés, in company with Notary Juan Alemañy Sosa, brought me the Articles of Incorporation of the Company denominated 'Alonso Riera & Co., Inc.' which articles I signed in conformity with our understanding. The foregoing is a true and complete statement of all that occurred in the premises. I am absolutely ignorant of the reasons that induced Valdés and Madera to offer me the said shares, and to use my name in the title of said corporation as well as to have me figure as one of the incorporators."

The sworn statement of Javier Alonso covers the matters contained in the petition above outlined and contains other interesting historical details, enumeration of which for the sake of brevity is omitted here.

The answer by all of the respondents in the injunction proceeding sets up a want of equitable jurisdiction by reason of the existence of an adequate remedy at law, to wit, a suit to annul the agreement described in the petition, and insists that in view of the mandatory character of the decree sought, a preliminary order would be improper; that petitioner had no right to a preliminary injunction because of the authority conferred upon Madera to use the name of Alonso Riera & Co., upon the theory of an estoppel until such time as the nullity of the agreement above mentioned and a dissolution by judicial determination of the partnership Alonso Riera & Co. might be obtained; that irreparable

injury was not shown; that the proceeding was based upon a contract, which, according to the averment of the petition, was without legal force and effect; that from the face of the petition and from the affidavit of respondents it appeared that Madera had used the name of Alonso Riera & Co. before it was used by petitioner and that petitioner himself was engaged in unfair competition against Madera; that the affidavits of respondent showed a balance of convenience in favor of respondent and of respondents, and that the business of a corporation or mercantile partnership should not be restricted or destroyed by reason of mere speculative or possible injury.

An affidavit made by Herminio Madera contains the following paragraph (italics ours):

"That considering himself entitled to use the name of Alonso Riera & Co. and in order *to extend his business and to incorporate into this business that of the firm of Alonso Riera & Co.*, the undersigned has been one of the promoters of a corporation called Alonso Riera & Co. Inc., whose articles of incorporation have been accepted by the Executive Secretary of Porto Rico."

The district court issued a preliminary restraining order and respondents Pizá and Santiago Carmona appealed.

The corporation has applied for a writ of prohibition to restrain further action in the injunction proceedings and also asks that the order directing the issuance of the preliminary injunction be annulled.

The petition alleges in addition to the pendency of the injunction proceedings, and among other things, that in the said proceedings the defendants whose names are set forth in the title of the case were summoned personally and not as the representatives of any other entity, much less that of "Alonso Riera & Co, Incorporated," since they did not hold such representation and since that corporation does not appear as a party defendant; that the district judge, after

hearing the parties, issued a restraining order copied in full in the petition, the body of which reads thus:

"The court orders the issuance of a preliminary injunction and as a consequence directs that pending the decision of this case, the defendants, their agents and employés be absolutely enjoined from using the name of 'Alonso Riera' as a part of the name of the corporation 'Alonso Riera & Co., Inc.,' either on their letters, envelopes or circulars, or in any other form that, directly or indirectly, may tend to confound the establishment of the plaintiff doing business in this city with that of the new corporation."

Other averments are as follows:

"VII. That the said order paralyzes the business operations of the corporation 'Alonso Riera & Co. Inc.;' that by reason thereof said corporation is unable to use its name or to do business notwithstanding the fact that it is legally incorporated in the office of the Secretary of Porto Rico and that no legal process has been instituted against it to prevent its continuing to do business.

"VIII. That according to the Act creating the remedy of Injunction, no injunction may issue to suspend the general or ordinary business of a corporation without due notice of the application therefor to the proper officers or managing agent of the corporation. No such action has been taken in the case giving rise to this petition (Section 9, Law of March 8, 1906).

"IX. That this corporation has not been made a party to said case No. 259; nor has it been heard nor cited to appear, testify and plead, and despite all this the above order preventing the continuance of its business has been made.

"X. That the petitioner has no other proper and adequate remedy at law to contest said order inasmuch as it is not a party to the suit in which it was made, and that any remedy at law, if such there be, would be too late, and the corporation would be unable to carry on its business until the case had been heard.

"XI. That the interruption of the business of this corporation, which is the necessary result of said order, seriously affects the interests of the corporation to an amount which can not be estimated offhand. Further, that the said order interferes with petitioner's right freely to engage in commerce.

"XII. That the order in question has been rendered by a court

and judge lacking jurisdiction over the petitioning corporation, which is not before said court and judge in proceedings either of law or equity.''

In so far as the statute forbidding the issuance of ''an injunction to suspend the general and ordinary business of a corporation'' without due notice is concerned, it does not appear on the face of the pleadings or of the writ that the district court intended to issue or in fact did issue any such writ. If the petitioner be a genuine *bona fide* corporation organized in good faith and not as a mere subterfuge or camouflage to cover and escape responsibility for the multitude of questionable acts imputed to its predecessor in interest, if not in name, Alonso Riera & Co., then it is hard to understand how the restraining order issued by the district court can possibly prejudice such corporation as an innocent third party. In any event, it would seem a sufficient answer to the petition for a writ of prohibition to say that if the newly organized corporation has any equitable rights that are indirectly infringed or impaired by the restraining order, a petition for relief setting forth the facts might and should have been addressed in the first instance to the trial judge who issued the restraining order. Then an appeal might have been taken from an adverse decision in this regard, if any. The law authorizing writs of prohibition expressly provides ''that a writ of prohibition can not be issued to restrain any action of inferior courts properly reviewable by appeal.'' *A fortiori* should the petition be denied when petitioner has not been made a party to the proceedings complained of and has not even called the attention of the inferior court to the alleged irregularities, thus depriving the trial judge of the opportunity to which he is entitled to correct the same.

''The doctrine, however, that a corporation is a legal entity existing separate and apart from the persons composing it is a mere fiction, introduced for purposes of convenience and to subserve the

ends of justice. This fiction can not be urged to an extent and purpose not within its reason and policy, and it has been held that in an appropriate case, and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical. Thus where a corporation is proceeding at law, or where it is asserting a title to property, or the title to property is involved, the corporation is regarded as a person separate and distinct from its stockholders, or any or all of them; but where it is proceeding in equity to assert rights of an equitable nature, or is seeking relief on rules or principles of equity, a court of equity will not forget that the stockholders are the real and substantial beneficiaries of a recovery, and if the stockholders have no standing in equity, and are not equitably entitled to the remedy sought to be enforced by the corporation in their behalf, the corporation will not be permitted to recover. Again, corporate existence as an entity distinct from its members may be ignored in order to circumvent the fraudulent purpose of the shareholders in its organization.'' 7 R. C. L., p. 27, section 4.

The petition must be denied and the issuance of the writ refused.

*Writ denied.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.